323
9....38

## LUTHER A. COLE, JOHN RICHARDSON and JO-NAS NARRACONG, Plaintiffs in Error.

*vs.*

## ANDREW F. CLARKE, Defendant in error.

### ERROR TO THE JEFFERSON COUNTY COURT.

In the progress of a cause, the former adjudications of the Supreme Court therein will be held as establishing the law of that particular case, touching the points so decided, and binding upon the parties.

The opinion of experts may be given in evidence upon such matters as involve the exercise of mechanical or professional skill, upon which the jury could not be expected to judge accurately from the mere detail of facts.

Upon a *quantum meruit* for work and labor, involving the exercise of mechanical science and skill, the amount does not merely depend upon the quantity of labor bestowed upon the job, nor mere manual dexterity in its execution, or the ordinary value of a piece of work so constructed, or the cost of its construction at the time and place: all these are proper to be considered; but the object and design of the work, the inducement to its undertaking, and its adaptation when completed, to the end contemplated in its engagement, are all proper to be proved in such issue.

On a *quantum meruit*, the enquiry is as well how much the defendant ought to pay, as how much the plaintiff ought to have; that is, how much ought the plaintiff to have of the defendant; and especially in those cases where confidence is necessarily reposed in the mechanical skill and scientific attainment of the person proposing and performing the work.

The equitable consideration from which the law implies a promise to pay is, that the plaintiff has rendered service of value to the defendant, and hence the latter is in equity bound to pay a reasonable compensation: but when there has been no benefit bestowed, the law implies no promise of recompense, where none has been expressed.

When the claim is upon a *quantum meruit*, the defendant may, under the general issue, reduce the damages by showing that the work was improperly done, and he may be entitled to a verdict by showing its total inefficiency, and that he has derived no benefit from it.

This was an action of assumpsit for work and labor, brought by the defendant in error against the plaintiffs in error, in the County Court of Jefferson county.

The declaration was in common counts; plea, the general issue. The case had been twice tried in the County Court, and once before brought before the Supreme Court.

On the trial below, numerous exceptions were taken to the rulings of the judge, both as to the admission of evidence, and his instructions to the jury. All those which engaged the consideration of the court, and upon which the case was determined, are stated at length in the opinion.

*Williams & Arnold*, for the plaintiffs in error.

*J. J. Enos*, for the defendant in error.

*By the Court*, SMITH, J. This is the second time this case has come to the Supreme Court. In order fully to comprehend the principles involved in its consideration, it is necessary to trace its history. On the twentieth day of January, 1851, the plaintiff filed his declaration in the County Court of Jefferson county, in the common counts for work and labor, goods sold, &c., including the money counts. The foundation of the action was work and labor performed by the plaintiff upon the flouring mill of the defendants. The plea was the general issue, with notice, that the work, if any was done, was done under a special written contract, which had been violated on the part of the plaintiff. The cause was tried at the April term, 1851, when the plaintiff obtained a verdict and judgment for $425, and costs. This judgment was removed to the Supreme Court by writ of error, and there reversed, and the cause remanded to the County Court. On the trial it seems to have become necessary for plaintiff to offer in evidence a

written contract between the parties under which the work was alleged to have been performed, which was received and read, apparently, without objection. That document contained among other things, the following : " the party of the first part (the said plaintiff) for, &c., covenants and agrees to furnish and put up, in good, workmanlike manner, two water wheels, to drive each a run of stone in the flouring mill (the same that are now in the mill of L. A. Cole & Co., called the Rough and Ready mills, in said town of Watertown,) and warrant the same with two hundred inches of water to each wheel, to be measured at the bottom of the flume, to grind fifteen bushels per hour, in a style suitable to make good flour, to attach all machinery to said wheels, &c.," " and the said parties of the second part (the said defendants) covenant &c., to pay the said Clark five hundred dollars for the completion of the said work, in case it be done, and the mill perform, when completed, according to the above contract." The county judge charged the jury "that if they found that *both* run of stone would grind fifteen bushels per hour, the plaintiff had complied with said contract in that respect." To this exceptions were taken, and this seems to have been the only matter adjudicated by the Supreme Court. In reference to the contract, and the charge of the court below, the Supreme Court say : " This court is unable to concur with the learned county judge in his construction of the instrument: On the contrary we are all of the opinion, that it is too indefinite and uncertain to admit of any interpretation as a matter of law." " They (the parties) have not told us themselves, what they did mean, whether each run of stone was to grind fifteen bushels per hour, or whether both.

were to do it, and so their instrument is wholly void. The judgment must be reversed for this cause, and the cause must go back for a new trial. The plaintiff can then recover upon his *quantum meruit*, upon the common counts, and no more."

Under these rulings and instructions the cause was remanded, and at the December term 1853, of the County Court, a trial was again had upon the *quantum meruit* count, which resulted in a verdict for the plaintiff, for five hundred dollars, for which judgment was rendered, to reverse which the cause is again brought to this court

On the last trial the plaintiff abandoned all claim upon the written instrument, or upon any express contract, and relied solely upon the *quantum meruit* count for work and labor. Having proved the performance of the work, the construction and putting in of the water wheels, and the worth of such labor, he rested.

The defendants then called a witness who testified that he was engaged in mills until he was fifty years of age, and had helped to repair and build them; was at the mill frequently while plaintiff was putting in the wheels; heard the plaintiff say that he was to put two water-wheels into the mill; that two hundred inches of water to each wheel, were to make each run of stone grind fifteen bushels per hour; heard the plaintiff say, on the day he made a test of his wheels, that if the mill performed as he had warranted it, he was to have $500 for the job; that the mill ran unsteadily, and made bad flour with plaintiff's wheels; before his wheels were put in it made good flour; that the reputation of the mill was greatly injured; that the former wheels drew four hun

dred inches of water, and those put in by Clark would
in his opinion draw more, &c.

This testimony seems to have been received without objection. The defendant then asked the witness the following questions :

"Were the defendants benefited or injured, in view of all the facts, by the work of the plaintiff?" which was objected to by the plaintiff's counsel, and the objection was sustained, and exceptions taken.

If the grounds of the objection were, that the question called for the opinion of the witness, or that it was not a proper question to be put to the witness as an expert, there may be some doubt as to its correctness. But we are inclined to think that the witness had showed himself sufficiently expert in the milling business to admit of an examination properly addressed to persons of skill in that department of industry, and therefore competent to give an opinion upon matters of which the jury could not be expected to judge accurately from the mere detail of facts. But if the ground of the objection was, that it was not pertinent to the issue, we think the ground untenable. The *quantum meruit* in this case did not depend merely upon the amount of labor bestowed upon the job, or the mere mechanical skill in its execution, or the ordinary value of a piece of work constructed as that was, or the cost of its construction at the time and place. All these are very proper to be considered, in the estimate to be made. But the object and design of the work, the inducements to its undertaking, its adaptation, when completed, to the end in contemplation in its engagement, are all proper to be proved under this issue. The inquiry is as well, how much the defendant ought to pay, as, how much the

plaintiff ought to have. And especially is this true in those cases where confidence is necessarily reposed in the mechanical skill, experience and scientific attainments of the person proposing and performing the work. A water-wheel may be very well adapted to one locality or power, which would be valueless in another; and he whose trade, art and mystery it is to plan, adapt and fit machinery of this kind to the objects and circumstances required, should be held to the reasonable accomplishment of what he undertakes, and this, whether he relies upon a special contract or upon his common *quantum meruit*. His claim under this count is, that he has rendered ser vice of value to the defendant, that the latter has been benefited thereby, and hence is in equity bound to pay a reasonable compensation. But when there has been no benefit bestowed, the law implies no promise of reward or recompense, for it is from the very fact of benefit rendered, that that equity arises, upon which the law implies a promise where none is, or has been expressed. Hence we are of the opinion that all the facts and circumstances regarding the inception, the plan, the object of the work, whether to adapt the wheels to a greater or smaller amount of power, whether to economize labor or power, or time, or all of them, together with the representations of the plaintiff, not only as to his skill as a mechanic, but as to his ability to accomplish the desired objects, and the fitness of his plans and models to those ends, and also the results of his labor, are all competent to be given in evidence under this issue. Saunders, in his work on pleading and evidence, page 154 says :

" Where the claim is upon a *quantum meruit*, the defendant may, without notice, reduce the damages,

by showing that the work was improperly done, and
he may entitle himself to a verdict by showing its to-
tal inefficiency, and that he had derived no benefit
from it." *Farnesworth vs. Garroid.* 1 *Camp*, 38 ;
*Fisher vs. Lamuda, id.* 191 ; *Dennis vs. Daverill,* 3
*id.,* 451 ; *Okle vs. Smith,* 1 *Stark.* 108, ; *Chitty Cont.*
169.

We think, therefore that the evidence of this kind
several times offered and rejected, ought to have been
allowed.

The next question presented is one of much diffi-
culty. The Supreme Court, in this very case, had
decided the written instrument executed by the par
ties, to be "*wholly void.*" That decision was the law
of the case, and must be held *res adjudicata.* Having
failed to make any valid written contract, was it com-
petent for the defendant to fall back upon the parol
understanding and agreement between rhe parties?
It is objected by the plaintiff below, that this would
be allowing the introduction of parol proof to explain
a written instrument, and would be making a new
contract between the parties. On the part of the de-
fendants below, it is insisted, that the written instru-
ment having been declared *wholly void,* the parties
are in the same condition as though they had not at-
tempted to reduce their parol agreement to writing.

It is undoubtedly true that an instrument wholly
void is of no force or validity. It is equally true that
parol evidence is inadmissible to explain a latent
ambignity in a written contract. If the ambiguity is
so great that its meaning cannot be ascertained from
the instrument itself, it becomes void for uncertain-
ty and paral proof cannot be resorted to, to give it
force and validity. The parties can no longer resort

to it as evidence of their contract. If the ambiguity is such that the whole instrument taken together is susceptible of reasonable construction, the courts will put such construction upon it, and the parties must abide by it thus construed, though it be not according to their true intent and meaning. But if it be wholly void for uncertainty, it cannot be made available to either party for any purpose. We do not see how it can affect the transaction between the parties, at all, or in any manner affect their rights growing out of their transactions. They attempted to make a written contract, but they failed. How does such a void instrument differ from a written agreement not signed by either party. When an agreement has been reduced to writing and not signed, parol evidence may be given to prove the contract, because the contract rests merely in parol. *Doe vs. Cartwright*, 3 *B. & A.* 326 ; *Hawkins vs. Ware*, 3 *B. & C.* 698 ; 5 *D. & R.* 512.

It would certainly be very unjust to allow the plaintiff to throw aside the contract on his part, and to prove the performance of the work and its cost or value, and shut the defendant out from showing the inducements held out by the plaintiff, and the improvements promised, without which the defendants might never have subjected themselves to the inconvenience and loss of time inseparable from the performance of the work. My chimney smokes, and a mechanic represents that he understands the difficulty, and for a certain price he undertakes to build me a chimney not only free from such defect, but which will consume less fuel and impart more heat. We reduce our agreement to writing ; my chimney is torn down, my house disordered, and the result is,

that the new chimney is every way worse than the old one. But our contract in writing turns out to be wholly void. Can the mechanic sue me upon a *quantum meruit* and recover the price of his labor and materials, which have been of no benefit to me, and I be precluded from proving our contract, merely because we made an *attempt* to put it in writing but wholly failed.

But it may be said that without the written instrument, there is no evidence of the consummation of a contract ; that the minds met at the execution, and until such execution there was no such meeting or agreement of minds as is essential to a contract. This may be so in some instances, and admitting it to be so in all, then the parties fall back upon the contract which the law implies for them under all the circumstances of the transaction between them, and the plaintiff may then show by parol, the nature and amount of the work and its value, and the defendant may also show all the facts and circumstances of the undertaking, the representations made of the nature and quality and usefulness of the work, and its failure, if any, to answer the purposes for which it was intended, and from all the facts and circumstances, the law implies the contract, and requires the defendant to pay the plaintiff so much as he reasonably deserves to have. It is upon such contract that the plaintiff seeks to recover, and whether or not it was competent for the defendant to set up and prove a special contract by parol, we think the offer of defendant of the evidence proposed to be proved by the witness Carr and others, was competent and pertinent to the issue which the plaintiff himself had sought. It did not propose to explain or amend a written con-

June Term 1854.

Cole et al.
vs.
Clarke.

tract, but to show the condition and capacity of their mill previous to the work, the representations made, and inducements held out by the plaintiff, the quality and capacity of the machinery which he proposed to construct, the kind of work which he undertook to perform, and the extent of the benefit it was to be to the defendants, and the total failure of the plaintiff to accomplish the work he was employed to perform, and its worthlessness to the defendants. This evidence was competent under the general issue, upon a *quatum meruit* count, and we think the court erred in rejecting it.

We do not undertake to say whether the late Supreme Court decided right or wrong upon the case made and presented to them; whether the written instrument ought to have been declared wholly void or not, or whether it was too ambiguous to be carried into execution ; but that court having so decided in this very case, that decision became thereby the law of the *case*, by which the parties were bound. Such being the condition of the parties, they were left, each to pursue their rights as though there had never been any written instrument between them.

The views here expressed render it unnecessary to examine the exceptions in detail. The judgment of the court below must be reversed, and the cause remanded for a new trial.

Judgment reversed.