Abner M. Kelly, plaintiff in error, vs. W. Eliza Terrell, adm'x, defendant in error.

An agreement made before Christmas in 1854, to perform services as overseer for the year 1855, not being in writing and no memorandum thereof in writing signed by the party sought to be charged, is void under the statute of frauds, not being an agreement to be performed within the space of a year from the time of the making thereof.

Assumpsit, in Hancock Superior Court. Tried before Judge Thomas, Fall Term, 1858.

The facts of this case are stated in the opinion of the Court.

Pottle, for plaintiff in error.

Stephens & Dubose, *contra.*

*By the Court.*—McDonald J. delivering the opinion.

The defendant pleaded the statute of frauds, that the agreement upon which the action was brought was not to be performed within the space of a year from the making thereof, and that it was not in writing. The plea is not in precise form, but it is substantially correct. It was not excepted to, and had it been, it might have been amended in the Court below. On the trial, no writing was produced, but a witness testified that four or five days before Christmas, 1854, he had a conversation with the defendant's intestate, who told him that he had employed plaintiff as his overseer for 1855. Afterwards, on the first Monday in January, said intestate informed him that he had discharged the plaintiff from his contract of serving him in 1855, and assigned as a reason, that he had written a letter to the plaintiff about his cotton, and he had not noticed it. The Court charged the jury that if they believed from the evidence, that the contract was made, and the plaintiff discharged before the first day of January, 1855, they ought to find for the defendant, unless it appeared from the evidence that the contract was in writing. To this charge of the Court, the complainant's counsel excepted. There is no other assignment of error in the record.

The statute of frauds is explicit on the subject of such contracts. It declares that no action shall be brought whereby to charge any person upon any agreement that is not to be performed within the space of one year, from the making

thereof; unless the agreement upon which such action shall be brought, or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized. *Cobb's new Dig.* 1,127. The contract was made before Christmas, 1854; for, four or five days before that time, the defendant's intestate spoke of it to the witness, and it was for services for the year 1855. The contract was not to be performed within the space of a year from the time of the making thereof; and there was no writing or memorandum thereof signed by the party to be charged therewith. No action, therefore, can be brought upon it. A case very much like this, has been determined in the Court of Exchequer in England. *Snelling vs. Lord Huntingfield,* 1 *Craig. Mee. & Res. Reports* 20. If this had been a suit for services already rendered it would have been different.

Judgment affirmed.