STARIN *vs.* NEWCOMB and another, impleaded with GRA-
HAM and others.

A parol agreement between a mortgagor and mortgagee, by which the former agrees to convey to the latter, by quit-claim deed, a part of the mortgaged property, and to give him a lease of a right to maintain a hydraulic ram at a certain spring upon another tract, and also to make certain payments in money and to deliver a quantity of wood—all of which was to be received in payment of the mortgage—is within the statute of frauds, and void.

The payment by a vendor in a parol agreement for the sale of lands, of certain judgments and a mortgage upon the land, which he was liable to pay, and which by such parol agreement he was to pay, so as to clear the land of those incumbrances, is not such a part performance as takes the agreement out of the statute of frauds, and entitles him to a specific performance in equity.

APPEAL from the Circuit Court for *Jefferson* County. The case is stated in the opinion of the court.

*N. S. Murphy*, for appellant:

1. The alleged contract set up in defense is void for want of a consideration, since the plaintiff was to recover nothing thereby that was not already secured by the notes and mortgage. *Bean vs. Burbank*, 16 Me., 259; *Tucker vs. Woods*, 12 Johns., 190; *Cooke vs. Oxley*, 8 Term. R., 653; 1 Caines, 594; Chitty on Con., 25–6. 2. The contract was void because not in writing. R. S., 613, sec. 6; *Rice vs. Peet*, 15 Johns., 503; *King vs. Brown*, 2 Hill, 485; *Yates vs. Martin*, 1 Chand., 118; *Withy vs. Cottle*, 1 Eng. Ch. R., 86; *Adderly vs. Dixon*, id., 311; 2 Story's Eq. Jur., § 723. 3. It is doubtful whether an accord with tender of satisfaction is sufficient without acceptance. 2 Greenl. Ev., § 31. "It is perfectly clear that a mere agreement to accept a less sum in composition of a debt, is not binding and cannot be set up in bar of an action upon the original contract." ibid.; *Cumber vs. Wane*, 1 Strange, 426; 1 Smith's L. C., 146; 43 Law Lib., 249–263; *Heathcote vs. Crookshanks*, 2 Term R., 24; *Tassall vs. Shane*, Cro. El., 193; *Balston vs. Baxter*, id., 304; *Clark vs. Dinsmore*, 5 N. H., 136; *Lynn vs. Bruce*, 2 H. Bl., 317. An accord executory is no bar; a readiness to perform is not sufficient. *Russell vs. Lytle*, 6 Wend., 390; Com. Dig., Title, "Accord," B, and authorities there cited; 2 H. Bl., 317; 1 Roll's Abr., Title "Accord, Pl.," 14; 2 Ld. Raymond, 122; *Watkinson vs. Inglesby*, 5 Johns., 386. An agreement to receive part of a debt in money and part in specific articles, while executory, is void. 2 Greenl. Ev., § 31; *Rayne vs. Orton*, Cro. El., 305; *James vs. David*, 5 Term. R., 141.

*Edson Kellogg*, for respondent:

1. The contract was not void because not in writing. It was not for the sale or transfer of land, but for the payment of a debt, the transfer of land being merely incidental to that object. 2. An accord, with mutual promises to perform, is good though the thing be not performed at the commencement of the action; for the party has a remedy to compel the performance. 2 Parsons on Con., 194–5.

*By the Court*, PAINE, J.   This was an action to foreclose a mortgage given to secure the payment of $5,000 according to the conditions of certain promissory notes.   The answer admits the making and delivery of the notes and mortgage as alleged, but sets up, as a defense, an agreement by which the mortgagor was to convey to the mortgagee a part of the mortgaged premises by a quit-claim deed, having first satisfied certain judgments against himself which were a lien thereon, and paid another mortgage which was an incumbrance; give him a lease of the right to maintain a hydraulic ram at a certain spring; pay him $200; give him his note for $300; and deliver one hundred cords of wood; all of which was to be received in full payment and satisfaction of the mortgage, which was to be discharged by the mortgagee. It further alleges that the defendant paid off the subsequent liens and incumbrances on the land, tendered the $200, the note, quit-claim deed, lease and wood, according to the agreement, but that the plaintiff refused to receive the same, or to comply with the agreement on his part.   It also avers that he is still ready, &c.

It appears from the evidence that this agreement, thus relied on in the answer, was merely verbal, and never reduced to writing; and we think it was clearly within the statute of frauds.   It was an agreement to give a quit-claim deed of a certain tract, and to give the lease of the right to maintain a hydraulic ram upon another tract, both of which require a written agreement, to avoid the statute.   Indeed, counsel could not pretend that these would not ordinarily be within the statute, and the only reason suggested why they are not so here, was, that in this case the primary object of the agreement was not a sale of lands, but the payment of a prior debt.   But we think that makes no difference.   The statute makes no exception of such cases, and neither reason nor policy suggests any.   A verbal agreement to sell lands in payment of a prior debt, is as fully within the mischief intended to be prevented by the statute, as it is plainly within its letter.

The evidence fails to show that the defendant had paid all the subsequent liens and incumbrances on the land before

January Term, 1861.

STARIN
v.
NEWCOMB et al.

April 10.

January Term, tendering the quit-claim deed; but even if he had, that
1861.        would not be such a part performance as would entitle him
WALKER       to a specific performance of a parol agreement for the sale
v.
WILSON et al. of lands.   Even the payment of the agreed purchase money
itself, would not alone justify the enforcement of a specific
performance.   Much less would the payment of the vendor's
own debt to other parties, which might be a lien upon the
land, justify it.   Those debts he was legally bound to pay.
And if he paid them sooner than he otherwise might, with a
view to clear the land of incumbrance, so as to comply with
a parol agreement to sell it, such payment could not possibly
be considered as placing him in such a condition as to en-
title him to a specific performance of such parol contract.

We think, therefore, the court below erred in giving any
effect to this agreement, and that the plaintiff was entitled
to judgment of foreclosure and sale for the amount due.
The judgment is reversed, with costs, and the cause re-
manded for further proceedings in accordance with this
opinion.