## Cohen and wife vs. Stein and others.

*November 8 — November 25, 1884.*

CONTRACT FOR SERVICES: EVIDENCE. *(1) Statute of frauds. (2) Recovery quantum meruit. (3) Payments at agreed rate. (4) Hearsay: Reputation for skill.*

1. A contract by the terms of which one party agrees to render services to another for a term longer than one year, is void if not in writing.
2. One who has rendered services to another under a void contract may recover *quantum meruit.*
3. If a party rendering services under a void contract receives at the end of each week the agreed compensation, and each payment is at the time considered by both parties to be in full for services rendered during the week, he cannot afterwards, although discharged before the time fixed by the contract, recover any further sum for services rendered prior to the last payment.
4. Evidence of the reputation of a party as a skilful workman is not admissible to show the value of his services.

APPEAL from the County Court of *Milwaukee* County.

The facts sufficiently appear from the opinion. There was a verdict for the plaintiffs for $750, and from the judgment entered thereon the defendants appealed.

For the appellants there was a brief by *Jenkins, Winkler & Smith,* and oral argument by *Mr. Winkler.*

For the respondents there was a brief by *Chapin, Dey & Friend,* and oral argument by *Mr. Dey.*

COLE, C. J. It is clear that the contract set up in the complaint was void under the statute of frauds. It was a verbal agreement, and by its terms was not to be performed within one year from the making thereof. As stated in the complaint, the plaintiffs and defendants, about the 26th of February, 1883, entered into a verbal agreement by which the plaintiffs, for a term commencing April 15, 1883, and ending May 1, 1884, agreed to render their joint services to the defendants for a compensation of $50 a week. It will

be seen that this contract comes within the express language of the statute (sec. 2307, R. S.). But it is alleged that the plaintiffs entered into the service of the defendants about April 15, 1883, and continued such employment until June 2d, following, when the defendants discharged them without cause. The plaintiffs seek to recover the value of the services rendered, which they claim were reasonably worth $2,500.

Under the decisions of this court there can be no doubt as to the correctness of the proposition that where a person renders services under a contract which is void, he can recover upon a *quantum meruit* the value of such services. *Cole v. Clarke*, 3 Wis. 323; *Brandeis v. Neustadtl*, 13 Wis. 142; *Thomas v. Sowards*, 25 Wis. 631; *Northwestern U. P. Co. v. Shaw*, 37 Wis. 655; *Clark v. Davidson*, 53 Wis. 317. The rule rests on the strongest equity, compelling a party who has received a benefit from a part execution of a contract which binds neither party, to make compensation for the benefit which he has received. As a matter of course the defendants were at liberty to discharge the plaintiffs from their employment at any time, as the plaintiffs were at liberty to leave. The logic of the rule is, inasmuch as the contract has no legal validity, it is not admissible in evidence to determine the value of the services, but the servant recovers what he can show his services were reasonably worth. Acting upon this idea, with other testimony produced to show the value of plaintiff's services, the deposition of one Sylvester, of Chicago, was read in evidence on the part of plaintiffs. He testified that he was a designer of cloak patterns, etc., and had known the plaintiff *Morris Cohen* for a few months, and had known his reputation as a cloak-designer for some years. This testimony was objected to as being incompetent and immaterial. But the witness was allowed to state that from the general reputation of *Mr. Cohen* he considered him a competent and skilful designer of cloak patterns.

It is said by the learned counsel for the defendants that the fact in issue was whether *Cohen* was a competent and skilful designer, as bearing on the question of the value of his services, and not what his reputation was. It seems to us it was incompetent to establish the fact of skill in this way. It was more proper to show by witnesses who could speak from their own knowledge as to his qualifications. The evidence given was in the nature of hearsay testimony as to a fact which was susceptible of being proved by witnesses who could testify as to whether he was skilful or not.

But not to dwell upon this point, nor upon other exceptions taken to the admission of evidence, we will proceed to consider the refusal of the court below to give an instruction asked on behalf of the defendants. The plaintiff *Morris Cohen* testified in effect, on his cross-examination, that he and his wife received their pay while working for the defendants every Monday. He says: " The first six weeks I received for every week $50. I received all I was entitled to every week, according to the contract, except the last. I did more than $50 worth of work a week." Further, he said that the $50 was not paid for his services in full. On the part of the defendants there was testimony which tended to prove that $50 was paid in full for the services rendered the preceding week. To meet this state of proof the following instruction was asked on the part of the defendants: " *Ninth.* If the jury find that the plaintiffs were paid $50 at the end of each week for their services during the week, and that such payments were at the time considered in full by both parties for the services rendered during such week, and that this was done down to, the week ending May 26, 1883, then the plaintiffs can recover only for the services rendered after that date." This instruction was refused. It seems to us it was pertinent to one aspect of the case, consequently it' should have been given. It requires no argument to show if these weekly payments were intended by the parties when made to be in full compensation for the

Cohen and wife vs. Stein and others.

services rendered, that there can be no further recovery for services which have thus been paid for.

The learned counsel for the plaintiffs says when *Cohen* and wife were discharged they left all their patterns and designs, which constituted the most valuable part of their work, and that the defendants were enabled by the use of these patterns and designs to continue their business of manufacturing cloaks without employing another designer. Concede that this was so, still, if the plaintiffs received $50 a week in full for the services which they had rendered, on what ground can they now claim additional compensation? Indisputably the parties could agree as to the value of the services. And if the jury were satisfied from the evidence that the weekly payments were at the time considered or understood by the parties to be in full for all services rendered during such week, then obviously the plaintiffs can only recover for services rendered after the last payment; for as to all preceding services full compensation had been made, which would include pay for all patterns and designs previously made. It may well be that the plaintiffs expected to continue their employment up to May, 1884. But, as defendants' counsel observes, that expectation was not founded on a valid contract. And if the plaintiffs at the end of each week received full pay for their services, that ends the matter as to the time covered by such payment. This view seems to be so obviously correct that it does not require further remark. Therefore, without noticing the other points discussed, we reverse the judgment of the county court and remand the cause for a new trial.

*By the Court.*— Ordered accordingly.