SALB, Appellant, vs. CAMPBELL and others, Respondents.

*February 8 — February 23, 1886.*

*Master and servant: Statute of frauds: Hiring for more than a year: Quantum meruit.*

A contract of hiring for longer than a year, if not in writing, is void under sec. 2307, R. S., and can furnish no ground of action in favor of the servant or basis of defense in an action by him to recover for services rendered. In such an action the parties stand as though no express contract was made, and the servant can recover *quantum meruit.*

APPEAL from the County Court of *Milwaukee* County. The case is stated in the opinion.

The cause was submitted for the appellant on the brief of *M. C. & A. A. Krause,* and for the respondents on that of *Rogers & Mann.*

TAYLOR, J. This action was brought by the appellant to recover of the respondents for the services of his minor son, Joseph Salb. The complaint alleges that said Joseph worked for the respondents from August 1 to September 15, 1882, for the agreed price of five dollars per week, and that the services were reasonably worth that sum; that he also performed extra work during that time, which was reasonably worth five dollars per week; that the extra work amounted to four days; and claims as damages, $36.66. The defendants answered first by a general denial; and then alleged "that in February, 1881, they entered into an agree-

ment with the plaintiff, which agreement was sanctioned and ratified by said Joseph Salb, and was as follows: Said Joseph Salb agreed to work for the defendants as an apprentice to learn the moulder's trade for the term of four years from the 1st of February, 1881, at and for the agreed price of $3.50 per week for the first year; $5, second year; $6.50, third year; and $8 fourth year,— this being an increase of $1.50 each week during the continuance of the four years; that plaintiff has neglected and refused to fulfil his said contract as aforesaid, to the damage of these defendants $150, which damages defendants set up by way of counterclaim, and demand judgment for $150 and costs; that plaintiff has neglected to comply with the terms of contract, though requested to do so by the defendants."

The only witnesses who were sworn on the trial were the plaintiff and his son. The county court, on motion of the defendants, nonsuited the plaintiff, and from the judgment entered upon such nonsuit the plaintiff appeals to this court.

It is claimed by the learned counsel for the respondents that the evidence clearly shows that there was a contract by the son, which was ratified by the father, to work for the defendants for one year at the rate of five dollars per week, and that he quit without cause before the year was terminated, and for that reason the plaintiff was properly nonsuited. It is also claimed that if the son was working under the contract set up in the answer, then, although the contract was void unless reduced to writing, still the son, having entered upon the performance of it, could not recover for his labor if he quit without cause before the end of the four years. We are unable to agree with the learned counsel that the evidence clearly shows a hiring for one year at the rate of five dollars per week. It seems to us that the evidence of the son clearly tends to prove the allegation of the answer that there was a hiring for four years upon the terms mentioned in said answer, and not a hiring

Salb vs. Campbell and others.

for a year. The evidence of the appellant, so far as it tends to show a hiring for any particular length of time, also tends to show that the hiring was for four years. He says: "I never made any contract or agreement with *Campbell* for the services of my son. My boy said he *(Campbell)* told him he had to stay four years; but I had not made an agreement in any shape. The boy said he would have to stay four years for learning the trade. It would take him four years to learn the trade; that is what the boy said." Again, on cross-examination, he says: "I went and saw *Campbell* one Sunday. He paid what he agreed to the first year. The second year he paid one dollar more, making five dollars which I took. *Campbell* never told me it would take four years for him to learn the trade. He told the boy, and the boy told me, and I let the boy stay under that agreement."

To our minds the evidence tends strongly to show that the agreement was to work for four years upon the terms stated in the answer of the defendants; that the boy entered into the employ of the defendants under such agreement; and there is no sufficient evidence to sustain a finding as a question of law that such agreement was changed at the end of the first year, and that a new agreement was then made to work one year at five dollars per week. The statement of the son that "there was a new deal the second year,— a new agreement to pay more,"— when taken in connection with his other testimony, simply means that he was to receive more than he did the first year, and is entirely consistent with the claim made by the defendants that the original hiring was for four years.

As there is no pretense that the contract of hiring for four years was in writing, it is clear that it was void under the statute of frauds. Sec. 2307, R. S., reads as follows: "In the following cases every agreement shall be void, unless such agreement, or some note or memorandum

thereof expressing the consideration, be in writing and subscribed by the party charged therewith: (1) Every agreement that by its terms is not to be performed within one year from the making thereof."

The plaintiff having established the fact that his son had performed valuable services for the defendants, he was entitled to recover what such services were reasonably worth. There was evidence tending at least to show that such services were worth five dollars per week. This made out a case in favor of the plaintiff, and unless the fact that there was an unwritten agreement that his son should labor for the defendants for four years, and that his son quit the defendants' employment before that term had expired without just cause, was a defense to his action, he should have either had a verdict in his favor or the court should have submitted the question to the jury whether there was a new agreement made by the parties by which the son was to work for the defendants for one year at five dollars per week, without regard to the original agreement to work for four years.

The statute making the parol contract absolutely void, it furnishes no ground of action in favor of the plaintiff, nor can it be used by the defendants as a basis upon which to found a defense. The parties stand in the same relation to each other as though no express contract existed between them. This court long ago repudiated the rule laid down by some of the other courts in this country that although the contract is made void by statute, yet, if a party enters upon a performance of it, he cannot recover for the value of his labor done under it, unless he performs the whole of the void contract on his part. We are well satisfied with the reasons given by this court in the cases cited below for holding that a contract which is declared void by statute is no more a basis for a defense to an action than it is a basis upon which to found an action. See *Brandeis v. Neustadtl,*

13 Wis. 142; *Starin v. Newcomb*, 13 Wis. 519; *Thomas v. Sowards*, 25 Wis. 631; *Northwestern U. P. Co. v. Shaw*, 37 Wis. 655; *Clark v. Davidson*, 53 Wis. 317, 322. In such case the parties must stand as though no express contract was made, and the plaintiff may recover upon a *quantum meruit* for the work done upon an implied promise of the defendants to pay what the services are reasonably worth.

There is, perhaps, another reason why the defendants could not defeat the plaintiff's action on the ground that there was a hiring for one year and the plaintiff had quit his employ without cause before the expiration of the year. The answer does not set up any such defense to the action. It is at least questionable whether such a defense can be relied upon by the defendants, unless set up in their answer. As this question was not argued at the hearing of the appeal, we do not determine it.

We think the county court erred in nonsuiting the plaintiff.

*By the Court.*— The judgment of the county court is reversed, and the cause is remanded for a new trial.