DRAHEIM, Appellant, vs. EVISON, Respondent.

*October 17 — November 5, 1901.*

*Contracts: Statute of frauds; Part performance: Recovery* quantum meruit.

An oral contract to work for one year commencing at a future time is void under sec. 2307, Stats. 1898; and part performance does not validate it so as to defeat a recovery *quantum meruit,* on the ground that the contract was entire and that plaintiff quit work, without valid excuse, before the end of the year.

APPEAL from a judgment of the county court of Dodge county: J. A. BARNEY, Judge. *Reversed.*

The plaintiff brought this action to recover for the services of his minor son, claiming in his complaint $115.75 for seven months and twenty-two days' work, from December 1, 1898, to July 22, 1899, reasonably worth $10 per month for winter months and $20 for summer months. The answer alleged a contract with the son to work for defendant one year for the sum of $200, made with the knowledge and consent of plaintiff. It also alleged a working from December 2, 1898, to July 22, 1899, when the son quit without any excuse; the payment during the progress of the work to the son of $57.70; and claimed damages for the breach of

the contract. On the trial the plaintiff gave evidence tending to support his cause of action, the nature of which will more fully appear in the opinion, at the close of which the court directed a verdict for defendant. A judgment dismissing the complaint and for costs was duly entered, from which plaintiff takes this appeal.

For the appellant there was a brief by *Malone & Miller*, and oral argument by *J. E. Malone.*

For the respondent there was a brief by *Davison & Davison*, and oral argument by *C. M. Davison.*

BARDEEN, J. The motion to direct a verdict for defendant was improperly granted. The evidence shows that plaintiff's son was a minor and had never been emancipated; that on the first Monday in November, 1898, he made a verbal contract with defendant to work for him for one year for the sum of $200, to commence on the 1st day of December following; that he worked seven months and twenty-two days, and then quit without any valid excuse; that such services were reasonably worth $10 per month for the winter months and $20 per month for the summer months; that he had been paid $57.70 by defendant during the progress of the work. The defendant insists that the plaintiff acquiesced in the contract, that the contract was entire, and that no recovery could be had without showing full performance. This is evidently the view taken of it by the court. This assumes the contract was a valid one. Sec. 2307, Stats. 1898, makes void every agreement that, by its terms, is not to be performed within one year from the making thereof, unless some note or memorandum thereof, expressing the consideration, be in writing, and subscribed by the party charged therewith. The contract in question did not meet any of these requirements. By its terms it was not to be performed within one year. It was void under the statute, not having been reduced to writing. The

parties stood in the same relation to each other as though no express contract existed between them. A part performance did not relieve the difficulty. It furnished no ground for a cause of action in favor of plaintiff, the father, and nobasis for a defense in favor of defendant. "In such case theparties must stand as though no express contract was made, and the plaintiff may recover upon a *quantum meruit* for the work done upon an implied promise of the defendants. to pay what the services are reasonably worth." *Salb v. Campbell*, 65 Wis. 405; *Koch v. Williams*, 82 Wis. 186;. *Cohen v. Stein*, 61 Wis. 508. The amount of the recovery, in view of part payment having been made, must depend upon the circumstances developed upon another trial. Upon that question we express no opinion.

*By the Court.*— The judgment is reversed, and the causeis remanded for a new trial.