CHASE, Respondent, vs. HINKLEY, Appellant.

*October 7—October 24, 1905.*

(1–3) *Statute of frauds: Agreements not to· be performed in a year:* *Contract for services.* (4) *Appeal: Findings of fact.*

1. By subd. 1, sec. 2307, Stats. 1898, providing that "every agreement" shall be void "that by its terms is not to be performed within one year from the making thereof," any· excess, however short, of one year from the date of a verbal agreement till that of the agreed full performance will defeat it.
2. That the period covered by the agreement extends only one year from the time for commencement of performance does not take it out of the statute, as the statutory period commences with the date of the agreement.
3. That a contract for personal services is terminable by death of the servant does not take it out of the statute under the rule that only those contracts are void which cannot by their terms be performed within a year.
4. When the finding of the trial court upon a question of fact is challenged upon appeal, all reasonable presumptions are to be indulged in in favor thereof, and it cannot be disturbed unless in the light of such rule it is so clearly contrary to the preponderance of the evidence as to produce conviction in the minds of the reviewers to a reasonable certainty that it is· wrong.

      [Syllabus by MARSHALL, J.]

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

Action to recover on contract. The claim of the plaintiff was that the defendant owed him $39 for work and labor.

The claim of the defendant was that on the 1st day of November, 1903, he employed plaintiff to work for him for the period of one year from that date at a salary of $450; that plaintiff commenced work accordingly and September 2, 1904, without cause, abandoned defendant's service and refused to complete the contract. Defendant further answered that after such abandonment plaintiff commenced an action against the defendant in a court of competent jurisdiction, specifying the same, to enforce the claim made in this action, and that judgment was rendered in favor of the latter. There was evidence tending to show that a contract was entered into between plaintiff and defendant in the last part of October, 1903, in which the former promised, for wages agreed upon, to work for the latter for the period of one year, and to commence on the following Monday, and that he did so commence. There was evidence further tending to show that plaintiff prior to this action commenced one against defendant to enforce the claim here involved, together with others aggregating $5.50, but before the trial the one sued on here was withdrawn from the litigation.

The trial court found that between the 1st day of August, 1904, and the 2d day of September, 1904, plaintiff performed work and labor for the defendant of the reasonable value of $39, the amount claimed in the complaint; that the services were not rendered pursuant to any valid contract whereby plaintiff agreed to serve defendant for a year from the 1st day of November, 1903; that in the prior action by plaintiff, in which judgment was obtained in favor of defendant, the claim here involved was not presented. Judgment was accordingly ordered in plaintiff's favor for $39 and costs, and was entered accordingly.

The cause was submitted for the appellant on the brief of *Edgar L. Wood,* and for the respondent on that of *William Kaumheimer.*

MARSHALL, J.   The decision, that the work performed by respondent was not done under any valid contract for a continuous year's service commencing on the 1st day of November, 1903, in effect, found against appellant on the controversy as to whether the agreement was "by its terms not to be performed within one year from the making thereof." That has sufficient support in the evidence.   Respondent testified quite positively that the agreement was made October 29, 1903, for services to be rendered for the period of one year commencing on the 1st day of November following. The testimony of appellant in respect to the matter, by itself, left the date of the agreement in considerable doubt.   In that situation the trial court concluded, as well it might have, that the contract was by its terms not to be performed till the expiration of one year and two days from its date.   The excess of two days was just as efficient as a longer period to render the agreement void under subd. 1, sec. 2307, Stats. 1898, which provides that "every agreement" shall be void "that by its terms is not to be performed within one year from the making thereof."   Any excess of the year period, however short, is sufficient to satisfy the statute.   That was stated very forcibly by Lord ELLENBOROUGH in *Bracegirdle v. Heald,* 1 B. & Ald. 722, the reason therefor being expressed in these words:

"If we were to hold that a case which extended one minute beyond the time pointed out by the statute did not fall within its prohibition, I do not see where we should stop; for in point of reason, an excess of twenty years will equally not be within the act.   Such difficulties rather turn upon the policy, than upon the construction of the statute."

The fact that the period of service agreed upon was to extend for one year from the time performance commenced does not take the case out of the statute, for where performance is to commence in the future, for the purposes of the statute,

the period to be considered is that beginning with the date of the agreement. *Sharp v. Rhiel,* 55 Mo. 97; *Cohen v. Stein,* 61 Wis. 508, 21 N. W. 514; *Draheim v. Evison,* 112 Wis. 27, 87 N. W. 795; *Sutcliffe v. Atlantic Mills,* 13 R. I. 480; *Kleeman v. Collins,* 9 Bush (Ky.) 460; *Little v. Wilson,* 4 E. D. Smith (N. Y.) 422; *Banks v. Crossland,* L. R. 10 Q. B. 97; *Scoggin v. Blackwell,* 36 Ala. 351; *Kelly v. Terrell,* 26 Ga. 551; *Wilson v. Martin,* 1 Denio, 602; *Snelling v. Huntingfield,* 1 C., M. & R. 20; *Cawthorne v. Cordrey,* 13 C. B. N. S. 406; *Billington v. Cahill,* 51 Hun, 132, 4 N. Y. Supp. 660.

The cases cited, in the main, involved facts substantially identical with those before us. In *Scoggin v. Blackwell, supra,* it was held that a contract made on one day to work for a year from the following day was within the statute. In *Kelly v. Terrell, supra,* a contract made before Christmas to serve for the next year was condemned. In *Wilson v. Martin, supra,* an agreement made in April for hire for one year from May 1st thereafter met a like fate. In *Banks v. Crossland* an agreement entered into on the 11th of November, the execution of which was to commence the following day and performance to continue for a year thereafter, was likewise condemned. In *Snelling v. Huntingfield, supra,* a proposal made July 20th by one person to another for the latter to enter the former's service for the period of one year, accepted by such other July 24th solely by his act of then commencing to serve, was held to date from the 20th and to be void under the statute. In *Cawthorne v. Cordrey, supra,* an agreement made on March 24th for a year's service to commence March 25th was saved, but there was evidence warranting the jury in finding that there was a second contract made for a year's service on the 25th.

There are authorities holding that contracts for personal services are not within the statute, since only those are which cannot be performed within a year, not those which may be

contingently terminated. It is reasoned that since the death of a servant ends his term of service without breaking his contract, though in form not to be performed within a year it may be so performed. *Hill v. Jamieson,* 16 Ind. 125. Though the death of the servant has the effect stated, leaving the employer liable upon the contract for the time service was actually rendered, it is held generally that contracting parties are not presumed to have in mind the termination of the agreement in that way, and that the mere legal effect, as to excusing full performance, will no more take the case out of the statute than would any other act having like effect. Such a case differs from that where one contracts to render continuous service terminable upon a stipulated contingency, as to support another for the remainder of his natural life. Such a contract is not within the statute because by its terms it ceases with the death contemplated. *Heath v. Heath,* 31 Wis. 223. Ordinary contracts for personal services are not affected by that rule according to the great weight of authority. Browne, Stat. Frauds (5th ed.) §§ 282a, 282b. So it will be found that in cases involving such services the statute is applied regardless of the fact that the legal effect of the servant's death is to terminate the agreement. *Cohen v. Stein, supra; Draheim v. Evison, supra;* 20 Am. & Eng. Ency. of Law, 47, 48, and notes; 29 id. 943, and notes.

Partial performance of a contract void under the statute of frauds does not save it. Either party can terminate the services at any time and the employee recover, as he did in this case, the reasonable value of the work done. *Cohen v. Stein, supra; Salb v. Campbell,* 65 Wis. 405, 27 N. W. 45; *Koch v. Williams,* 82 Wis. 186, 52 N. W. 257; *Martin v. Martin's Estate,* 108 Wis. 284, 289, 84 N. W. 439; *Draheim v. Evison, supra.*

The finding against defendant on the question of whether, in a former action between the parties, plaintiff sought to enforce the claim sued on here, and there was a judgment against

him in respect thereto, does not appear to be against the clear preponderance of the evidence. True, the evidence is not very clear in support of the finding, but that is not essential to such support since there is credible evidence to sustain it. Unless the evidence, as preserved in the record, so clearly preponderates against the decision as to indicate pretty clearly that for some reason material evidence was overlooked or was not properly considered, which reasonably might change the result, the finding must stand. All reasonable presumptions are to have their due weight in favor of the trial court's decision. In that light the preponderance of the evidence against a finding must be such as to produce conviction here to a reasonable certainty that it is wrong, else it is to be deemed a verity. *Endress v. Shove,* 110 Wis. 141, 85 N. W. 651; *Von Trott v. Von Trott,* 118 Wis. 29, 94 N. W. 798.

We shall not extend this opinion for the purpose of carefully analyzing the evidence and indicating the weight which it seems the same is entitled to. Suffice it to say, in our view, the indications are that respondent in a former action sought at first to recover $44.50, $39 of which was for the claim mentioned in the complaint in this action. Before the trial such claim was withdrawn by an amendment to the complaint, which the court permitted, and proof was then made of the remaining indebtedness of $5.50, and judgment was rendered therefor.

*By the Court.*—The judgment is affirmed.