KINDERVATER and another, Appellants, vs. TILL, Respondent.

*January 13—February 3, 1914.*

*Oral contracts: Validity: Statute of frauds: Indivisible contract: Performance by one party.*

1. An oral contract by which defendant agreed that, if plaintiffs would purchase the interest of their partners in a bus line for conveying passengers to defendant's sanatorium, he would extend. for four years his existing contract with said bus line and would not during said term treat at said sanatorium any person other than those brought thereto by said bus line, and that if anything should occur to interrupt said business during said term he would protect plaintiffs against any loss by reason of the purchase, was an entire contract, not divisible.

2. Such oral contract, since it purported to bind defendant for four years, was void under sec. 2307, Stats., as a contract which by its terms was not to be performed within one year from the making thereof.

3. The fact that plaintiffs agreed to the terms and to the continuance of the existing contract between the bus line and defendant and proceeded to purchase their partners' interest in the bus line, did not constitute full performance on their part of the oral contract in suit or take it out of the statute of frauds.

APPEAL from a judgment of the circuit court for St. Croix county: E. C. HIGBEE, Judge. *Affirmed.*

Two actions were commenced and consolidated. The complaint in each action contained one cause of action. The causes of action embraced in the two former actions are denominated in this action first cause of action and second cause of action. The second cause of action went in favor of the plaintiffs, and no appeal was taken by the defendant herein. The first cause of action was brought for breach of an alleged oral contract, and the jury returned the following verdict:

"(1) Did the defendant on the 16th day of May, 1910, promise and agree to and with the plaintiffs, that if they, the

plaintiffs, would purchase the interest of A. L. and W. H. McDonald in the Till Bus Line Company, for the sum of $4,000, that he, the said defendant, would extend and continue in force the contract between himself and the said Till Bus Line Company, made and executed on the 2d day of November, 1909, for the term of four years, and that he would not treat at the said sanatorium, any person other than those brought thereto by the said Till Bus Line Company, and that if anything should occur or happen to interrupt said business during said term; that he would furnish a purchaser for the property of the Till Bus Line Company who would pay the plaintiffs the sum of $8,000 therefor, and that in case he should fail to find or furnish such a purchaser for said property, that the plaintiffs might sell the same at public auction and that he would pay to them the difference between the sum realized upon such sale and the sum of $8,000 ?    A. Yes.

"(2) If you answer the foregoing question 'Yes,' then did the plaintiffs, in reliance upon said promise and agreement on the part of the defendant, purchase the interest of the said McDonalds in said Till Bus Line Company and pay to said McDonalds the sum of $4,000, in reliance upon said promise and agreement ?    A. Yes.

"(3) If you answer question No. 2 'Yes,' then did the defendant, on or about the 20th day of May, 1910, consent to a resale of a portion of said property to said McDonalds for the sum of $1,500 ?    A. Yes.

"(4) If you answer question No. 3 'Yes,' then did the defendant consent to the plaintiffs' taking a portion of the property of said Till Bus Line Company to Canada ?    A. Yes.

"(5) If you answer question No. 4 'Yes,' then what was the reasonable value of the property so taken to Canada by the plaintiffs ?    A. $335.

"(6) If you answer question No. 2 'Yes,' then did the defendant, on or about the 16th day of November, 1912, voluntarily leave said sanatorium and thereafter refuse to treat patients brought thereto by the plaintiffs ?    A. Yes.

"(7) If you answer question No. 6 'Yes,' then did the plaintiffs thereupon tender the property of the said Till Bus Line Company to the defendant and demand a purchaser therefor, in accordance with the terms of the contract mentioned in question No. 1 ?    A. Yes.

"(8) If you answer question No. 7 'Yes,' then did the plaintiffs thereafter sell at public auction all of the said property except that which had been taken to Canada and that which had been resold to the McDonalds? *A.* Yes.

"(9) If you answer question No. 8 'Yes,' then what was the sum realized from said property upon said sale? *A.* Eight hundred and five dollars and nine cents ($805.09)."

The court denied the plaintiffs judgment upon this verdict and ordered judgment of no cause of action and costs in favor of the defendant. Judgment for defendant was entered accordingly, from which this appeal was taken.

For the appellants there was a brief by *McNally & Doar,* and oral argument by *W. F. McNally* and *W. T. Doar.*

For the respondent there was a brief by *James R. Hickey,* attorney, and *N. O. Varnum,* of counsel, and oral argument by *Mr. Hickey.*

KERWIN, J. It appears without dispute that the contract mentioned in the first cause of action was oral, and the question arises whether it was void under sec. 2307, Stats., because by its terms it was not to be performed within one year from the making thereof.

It is insisted by appellants that it was valid because it consisted of two independent parts, one part called by counsel the "working part" and the other the "indemnity part." It is argued that each part is complete in itself, separate and divisible from the other. The substance of the contract claimed to have been made is found in the first question and answer of the special verdict.

This action is brought, as stated by counsel for appellants, for breach of the so-called indemnity part of the contract. We are convinced that the contract is an entire contract, not divisible, and must stand or fall as such. On this point *Hull v. Brown,* 35 Wis. 652, and *Mason v. Nichols,* 22 Wis. 376, and cases from other jurisdictions, are relied upon by counsel for appellants. An examination of these cases will

show that they are not controlling here. Cases more nearly in point, and holding that contracts quite similar to the one here are not divisible, but that each part is dependent upon other parts and make but one contract, are the following: *Reindl v. Heath,* 115 Wis. 219, 91 N. W. 734, and *Martin v. Estate of Martin,* 108 Wis. 284, 84 N. W. 439. We are satisfied that the contract is not divisible.

It is further contended that the contract is by its terms to be performed within one year and therefore valid. Counsel seeks to distinguish *Chase v. Hinkley,* 126 Wis. 75, 105 N. W. 230, from the instant case upon the ground that, while such contract for personal services might be terminated by the death of the servant before the end of the year, "contracting parties are not presumed to have in mind the termination of the agreement in that way," and hence counsel says such cases are not in point in the instant case.

Counsel relies upon *Heath v. Heath,* 31 Wis. 223, which was an oral contract between A. and B. to support C. for the remainder of her natural life, and it was held that the contract was not void because by its terms it might be fully performed within a year from its date. But that case is very different from the case here. In that case it was just as certain by the terms of the contract that it might be performed within one year as that it might not, for C. might die at any time. In the instant case the oral promise alleged to have been made by defendant purports to bind him for the term of four years.

The alleged oral contract is set up in the complaint, the substance of which is embraced in the first question of the special verdict, and is clearly within sec. 2307, Stats., as a contract not by its terms to be performed within one year from the making thereof. The oral contract alleged to have been made provides that defendant "then and there agreed with these plaintiffs that said plaintiffs would, for a period of four years from said date, have the exclusive right to

transport all persons desiring to visit said new sanatorium and might receive therefor the sum of seventy-five cents (75c) for each person transported, payable by said person, and that said defendant would remain at said new sanatorium for a period of four years from said 17th day of May, 1910, and treat all persons so transported by said plaintiffs and no others." And the said contract further provides that defendant would protect them against any loss by reason of the purchase for a period of four years from date. But it is argued by counsel for appellants that there was performance of the contract on the part of the plaintiffs and that such performance took the contract out of the statute. That this contention is untenable is established by the decisions of this court. *Chase v. Hinkley,* 126 Wis. 75, 105 N. W. 230; *Conway v. Mitchell,* 97 Wis. 290, 72 N. W. 752; *Cohen v. Stein,* 61 Wis. 508, 21 N. W. 514; *Salb v. Campbell,* 65 Wis. 405, 27 N. W. 45.

Moreover, there was no full performance on the part of the plaintiffs. There was merely a tender of performance of the plaintiffs' part of a void contract. The claim of performance stated in appellants' brief is to the effect that defendant proposed to the plaintiffs that if they would agree to the terms of the "working contract" and buy the McDonalds' interest he would indemnify them, and that plaintiffs did agree and bought the McDonalds out, hence there was full performance on their part. Counsel on this point relies upon *Treat v. Hiles,* 68 Wis. 344, 32 N. W. 517. It will be seen that in that case the court held that the contract was a contract for a partnership or a contract of partnership, and did not come within the terms of sec. 2307, Stats.

We deem further discussion unnecessary. We are satisfied that the judgment below is right and should be affirmed.

*By the Court.*—The judgment is affirmed.