KIRKPATRICK and wife, Appellants, vs. JACKSON and wife, Respondents.*

*November 30—December 30, 1949.*

---

\* Motion for rehearing denied, with $25 costs, on March 7, 1950.

For the appellants there were briefs by *Lines, Spooner & Quarles,* attorneys, and *Irving T. Babb* of counsel, all of Milwaukee, and oral argument by *Mr. Babb.*

*Walter D. Corrigan, Sr.,* and *Thomas M. Corrigan,* both of Milwaukee, for the respondents.

FAIRCHILD, J. The classification of this case as one in equity or one at law is to be determined from a consideration of the pleadings, the breaches alleged, and the recovery sought. Here each party claimed damages for past acts. The elements involved necessarily made the respective claims remedial rather than preventive. Each claimed the other failed to perform his terms of the contract.

A recital of the steps taken as the litigation progressed will serve to show that the action is one at law. The original action brought by plaintiffs was one in ejectment, an action at law. Defendant, Arthur Jackson, counterclaimed for damages for breach of contract, also an action at law. The relief sought was damages for breach of contract, the remedy afforded by an action at law. The remedy there afforded was clearly an adequate one. There is no reason or justification for using theories of equity in this case.

Counsel, in arguing that this is a case in equity, stress the point that they could not ask for specific performance of the contract because defendants had been forced to vacate the premises in December, 1948. However, it appears that in August, 1948, when they were still on the property, Arthur Jackson filed a counterclaim in which only damages for breach of the contract were asked. Later when the Jacksons vacated the premises, they moved to amend the pleadings to ask for additional damages. It was not until after the verdict was rendered and the usual motions after verdict were being considered that defendants moved to amend their pleadings asking for relief in equity.

The reason prompting this effort appears from the motion to amend which was made at that time:

"Come now the defendants at the time of the argument of the motions after verdict, and in view of the fact that the plaintiffs have raised the question of the statute of frauds, and are now claiming it as a defense in this action, and move the court that the counterclaim herein be amended in accord-

ance with the draft of said proposed amendment which is attached hereto, all to the end that this court of equity may be enabled to do complete equity and justice, and to the end that it may appear a matter of record that the acts of performance of the contract by the defendants, and the breaches of the plaintiffs of said contract, may be considered for the purpose of taking the contract out from the effect of the statute of frauds, and to the end that the equitable rights of the defendants may be preserved. . . ."

It thus appears from the record that when it was urged that the contract relied upon by defendant was void under sec. 240.08, Stats., because not in writing, the attempt was made to convert an action at law into one in equity.

In support of the procedure followed in this case counsel cites *Smith v. Crucible S. C. Co.* (1920), 172 Wis. 308, 178 N. W. 566. That case does not sustain his contention. It was an equitable action to obtain an accounting of the plaintiff's commissions which were due under his contract.

However, the ruling that the case was one in equity was not the only error. In instructing the jury the court below erroneously assumed that a three-year contract, not in writing, would be valid. He stated, "It is not necessary that a contract or agreement such as in controversy here should be in any precise form of words, and it is also not necessary that it be in writing." This instruction was clearly error. It omitted any consideration of either sec. 241.02 (1) or sec. 240.08, Stats.

A careful study of the case reveals a definite conflict between the parties as to the type and duration of the contract. Kirkpatrick claims it was a contract for hire for an indefinite term. Jackson evidently regards it as an unwritten lease for a three-year period. It must be held that Jackson's recovery, if any, will have to be under the contract as claimed by Kirkpatrick or upon *quantum meruit*.

The reasons for this are plain. The contract as claimed by Kirkpatrick is a valid contract. A contract for hire for

an indefinite term is a valid contract although not in writing. Therefore, recovery could be had under it if the jury were to find that contract was the arrangement. But an unwritten three-year lease, as claimed by Jackson, is invalid under sec. 240.08, Stats., the statute of frauds, because it is not in writing. Jackson's claim that part performance takes his lease out of the statute of frauds cannot be sustained. The law is well settled that part performance does not make an oral lease fully enforceable. 49 Am. Jur., Statute of Frauds, p. 723, sec. 419; Restatement, 1 Contracts, p. 260, sec. 197, comment *a*. Therefore, Jackson's action to obtain damages for breach of the contract could not be maintained even if there were sufficient performance. It is not necessary for us to consider whether part performance of the oral lease would take it out of the statute of frauds for purposes of specific performance because Jackson has at no time requested any recovery other than damages. Consequently, if a jury should find that the contract was that claimed by Jackson, his recovery must be on *quantum meruit* because the contract is unenforceable. In either case the recovery is limited to services rendered to the date when the relationship was terminated, less offsets, if any, in Kirkpatrick's favor. For amount of recovery under a contract of employment for an indefinite term, see *Nelson v. La Crosse Trailer Corp.* (1949), 254 Wis. 414, 37 N. W. (2d) 63; for recovery on *quantum meruit* when contract is void under sec. 240.08, see *Laughnan v. Estate of Laughnan* (1917), 165 Wis. 348, 162 N. W. 169; *Taylor vs. Thieman* (1907), 132 Wis. 38, 111 N. W. 229; *Loper v. Estate of Sheldon* (1903), 120 Wis. 26, 97 N. W. 524.

It is considered that a new trial must be granted and the question of damages submitted to the jury under proper instructions.

*By the Court.*—Judgment reversed. Cause remanded for a new trial.