Kɪɴᴢꜰᴏɢʟ, Respondent, vs. Gʀᴇɪɴᴇʀ and others, Appellants.

*October 6—November 3, 1953.*

For the appellants there were briefs by *Michael, Spohn, Best & Friedrich,* attorneys, and *George A. Schutt* and *Roy C. La Budde* of counsel, all of Milwaukee, and oral argument by *Mr. La Budde.*

For the respondent there was a brief and oral argument by *Ben L. Chernov* of Milwaukee.

BROADFOOT, J. The defendants contend that the first cause of action should be dismissed for the reason that the oral contract contained a provision for increasing commissions after five years, and it is therefore void under the provisions of the statute of frauds, sec. 241.02 (1). There are allegations in the record that the only time the term of employment was discussed was at the time of the original hiring, and that plaintiff's employment was for an indefinite period. Such a contract, because terminable at will, is a valid contract even though it is not in writing. *Kirkpatrick v. Jackson,* 256 Wis. 208, 40 N. W. (2d) 372.

The defendants next contend that the second cause of action should be dismissed because plaintiff suffered no damage by being induced to modify a void contract, and if the original contract is valid, he has suffered no damage since the modification was by its terms conditional on plaintiff's receiving as much or more pay under it.

They also contend that the plaintiff's third cause of action should be dismissed because plaintiff has elected to affirm the modification which renders his employment contract a valid express agreement, precluding recovery on *quantum meruit.*

The trial court determined that there were issues of fact to be tried, and it is apparent that his determination is correct. The parties are in dispute as to the terms of the original agreement and as to whether or not the subsequent modifications thereof were conditioned upon the yield to the plaintiff being equal to or in excess of the amount to be due him under the net-profits method of computation. It is a fundamental

rule that summary judgment will not be granted where an examination of the proper documents in connection with the motion shows that any issue of fact remains to be tried.

As previously mentioned, the separate causes of action set out in the complaint are in the alternative. Whether the agreements are valid or invalid will depend upon the testimony offered upon the trial. It is impossible to tell from the pleadings upon which cause of action the plaintiff will eventually rely.

*By the Court.*—Order affirmed.