MEAD, Appellant, vs. RINGLING, Respondent.*

*April 5—May 4, 1954.*

* Motion for rehearing denied, with $25 costs, on June 21, 1954.

526

For the appellant there was a brief by *Vaughn S. Conway,* and oral argument by *Vaughn S. Conway* and *Kenneth H. Conway,* both of Baraboo.

For the respondent there was a brief by *Langer & Cross* of Baraboo, and oral argument by *Clyde C. Cross* and *Harold M. Langer.*

BROADFOOT, J. During the trial it was the contention of the defendant that the agreement was an entire contract which had been abandoned by the plaintiff before the project was completed. No question as to abandonment of the project was submitted to the jury. Later the court considered that such a question should have been submitted and that was one ground for the granting of the new trial.

During the trial the defendant requested in writing that certain instructions be given to the jury. The trial court gave the first sentence of a requested instruction but did not give the balance thereof. Upon motions after verdict the court's attention was called to sec. 270.21, Stats., which reads as follows:

"The judge shall charge the jury and all such and subsequent instructions shall, unless a written charge be waived by counsel at the commencement of the trial be reduced to writing before being delivered or the same shall be taken down by the official reporter of the court. Each instruction asked by counsel to be given the jury shall be given without change or refused in full. If any judge shall violate any of the foregoing provisions or make any comments to the jury upon the law or facts without the same being so reduced to writing or taken down, the verdict shall be set aside or the judgment rendered thereon reversed unless at the time of submission to the jury there was no jury issue upon the evidence. The reporter shall take down all that the judge says during the trial to the jury or in their presence of or concerning such cause. Requests for instructions to the jury must be submitted in writing before the argument to the jury is begun, unless in the opinion of the trial judge, special circumstances excuse failure to so submit such requests."

This statute has been strictly construed by this court in so far as it relates to instructions and communications with the jury being made in open court and being made a part of the record. However, the portion with respect to giving a part of a requested instruction must be considered together with the provisions of sec. 274.37, Stats., which reads as follows:

"No judgment shall be reversed or set aside or new trial granted in any action or proceeding, civil or criminal, on the ground of misdirection of the jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial."

Under the record in this case, no substantial right of the defendant was affected by giving only a portion of the re-

quested instruction. The alleged error was not such that it required a new trial in this instance.

Each of the parties considered that by their conversations they had entered into a valid, enforceable, entire contract. It was the claim of the plaintiff that the contract had been fully executed and that he was entitled to the reasonable value of his services. It was the contention of the defendant then, as now, that the entire contract had been abandoned by the plaintiff and therefore no recovery could be had on *quantum meruit*. If the defendant was right in his contention, he had many decisions of this court to support it. However, from a reading of the record it is apparent that the parties never entered into a valid and enforceable contract. During the conversations the parties never agreed in definite and certain terms on just what was to be done, when it was to be done, or upon many other details that would be necessary in the making of a valid agreement. There never was a meeting of the minds of the parties as to the terms thereof. However, where a party has rendered services to another, even though it is under an invalid and unenforceable contract, he may recover for those services upon *quantum meruit*, upon an implied promise of the defendant to pay the reasonable value of the services. *Cohen v. Stein,* 61 Wis. 508, 21 N. W. 514; *Draheim v. Evison,* 112 Wis. 27, 87 N. W. 795; *Kirkpatrick v. Jackson,* 256 Wis. 208, 40 N. W. (2d) 372; 58 Am. Jur., Work and Labor, p. 540, sec. 36.

It is contended by the defendant that the plaintiff has jumped from the frying pan into the fire by asserting that he had completed the entire contract. If that were true, according to the defendant, then sec. 330.21 (5), Stats., would apply. That section applies a two-year statute of limitations in actions to recover wages or other compensation for personal services, and he claims that the record establishes that the last work was done by the plaintiff in March, 1950,

and the action was not commenced until May, 1952. To establish the date the defendant refers to the last check written by the defendant and the last date referred to in the account of the plaintiff for materials purchased and labor hired. It does not appear from the record that the plaintiff did not perform some labor after May of 1950. In any event, the statute of limitations was not pleaded as a defense, and it is fundamental that anyone who wishes to avail himself of that defense must plead the same specially in his answer. It is also true that the failure to plead the statute of limitations is a waiver of the defense. See cases in 11 Callaghan's Wis. Dig., Limitation of Actions, p. 639, sec. 189, p. 643, sec. 194.

It is now conceded that the plaintiff had expended the sum of $3,513.12 for labor and materials used in the improvement of the defendant's property, and that defendant had advanced to the plaintiff for living expenses and the purchase of merchandise a total of $1,995.36, and that defendant is indebted to the plaintiff for the difference, amounting to $1,517.76.

Literally translated, the words *"quantum meruit"* mean "as much as he deserved" or "as much as he deserves." It would be difficult to embrace within one rule the measure of damages in all cases based upon a *quantum meruit*. From the record in this case, however, it appears that the work done by the plaintiff should be paid for at the customary rate of pay for such work in the community at the time the work was performed. The defendant counterclaimed for the full amount advanced by him to the plaintiff for the purchase of merchandise. If he were to share in the profits of the business he would be charged with one half of the expenses, including one half of the cost of merchandise. His counterclaim recognizes that plaintiff was to conduct the business and to retain the profits. However, the plaintiff should be charged with the reasonable rental value of the premises

used by him in the operation of his business from the time he started operating the same. The rental value of the house should be considered either in the establishment of the measure of compensation or as an offset. The landlord, of course, pays the taxes and insurance and is compensated therefor by the rent received. Further, the plaintiff elected to claim the repair to the Diesel engine as his own expense in his income-tax return, although he admits the same was paid by the defendant and was never repaid to him. This item also should be allowed as an offset. There is an item of pasture rent collected that also belongs to defendant and plaintiff must account therefor.

From the above, it is apparent that no new trial on the question of liability is necessary. It is equally apparent that the real issue, under proper instructions as to damages, was not tried, and it will be necessary to have a new trial as to damages only.

We cannot refrain from calling attention to the fact that a nominal sum spent for the drafting of an appropriate contract would have avoided this litigation. In the discussion necessary for the preparation of such a contract there would of necessity have been a meeting of the minds of the parties on the details before it could have been reduced to writing. The parties might have failed to agree on the details and there would have been no transaction between them, or the contract would have been one easily interpreted by the courts if necessary.

*By the Court.*—The order for a new trial is modified to provide for a new trial as to damages only. No costs are awarded to either party, except that the plaintiff is to pay the clerk's fees.

The following opinion was filed June 21, 1954:

BROADFOOT, J. (*on motion for rehearing*). In our opinion we stated that the statute of limitations was not pleaded

by the defendant. We were in error. This defense was not set forth in the original answer but was thereafter pleaded as an amendment. It does not affect the result, however.

In this case services were rendered over a long period of time without agreement as to amount and without a definite date for payment. The circumstances here raise an implication that no compensation was due until the termination of the employment. It could have been terminated by either party. The statute of limitations, therefore, did not commence to run until the employment was ended.

*By the Court.*—Motion for rehearing denied with $25 costs.