John DOW, Plaintiff-Appellant,

v.

SHOE CORPORATION OF AMERICA et al., Defendants,

Mid-States Shoe Company, a Wisconsin corporation, Defendant-Appellee.

No. 12840.

United States Court of Appeals Seventh Circuit.

March 23, 1960.

Rehearing Denied April 21, 1960.

Bernard E. Wall, Bloomington, Ill., Roger H. Little, Urbana, Ill., Wall & Ulbrich, Bloomington, Ill., for appellant.

Lyle W. Allen, Peoria, Ill., Clarence W. Heyl, William J. Voelker, Jr., Peoria, Ill., Heyl, Royster & Voelker, Peoria, Ill., of counsel, for appellees.

Before HASTINGS, Chief Judge, SCHNACKENBERG, Circuit Judge, and JUERGENS, District Judge.

SCHNACKENBERG, Circuit Judge.

John Dow, plaintiff, a shoe manufacturer's salesman, in count III of his amended complaint, sued Mid-States Shoe Company, a Wisconsin corporation, and others not now before the court, for breach of an alleged oral contract for plaintiff's lifetime employment. On motion of Mid-States, herein also called defendant, the district court ordered a dismissal of the amended complaint[1] at plaintiff's costs, for failure to state a cause of action, and this appeal followed.

Substantively the law of Wisconsin governs this case.

Count III alleges that on January 10, 1935, at Milwaukee, Wisconsin, during plaintiff's prior employment as a salesman for defendant's predecessor, Walter Booth Shoe Company, the latter agreed to employ plaintiff as salesman for life at a six percent commission. Three alternative allegations of the terms of this alleged agreement are also stated in count III.

This count also avers that this contract was entered into on behalf of defendant's predecessor, by and through its duly authorized agent and employee Harold Leiser, its then sales manager, acting within the scope of his employment, or, in the alternative, purporting to act within said scope, which contract was ratified and affirmed by the predecessor and was thereafter assumed or ratified and affirmed by defendant.

It is alleged that plaintiff from January 10, 1935 to September 30, 1957, duly performed his duties under said employment contract and remains ready, willing and able to perform such agreement, but that on or about the latter date defendant wrongfully refused to employ him for the remainder of the period thereunder.

■ 1. Contending that the agreement sued on is void under the statute of frauds, defendant quotes from the Wisconsin statute, sec. 241.02, ch. 241, Wis.Stat.1955:

"Agreements, what must be written. In the following case every agreement shall be void unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party charged therewith:

"(1) Every agreement that by its terms is not to be performed within one year from the making thereof. * * *"

However, we are mindful of the fact that, when the contract involved in this case was made, the date of death of plaintiff was of course unknown and the possibility that he might die within one year after the contract was made prevented the contract from falling within the scope of the statute of frauds. Nelsen v. Farmers Mutual Auto. Ins. Co., 1958, 4 Wis.2d 36, 90 N.W.2d 123. Moreover, it is alleged in count III that, as a result of plaintiff's performance under the contract and the expenditure of his own funds for expenses, advertising and promotion of defendant's shoes, he built up defendant's good will and increased its accounts in his territory from 18 to more than 100. The significance of these alleged facts is made apparent by the language of the court in Nelsen, supra, 4 Wis.2d at pages 42–52, 90 N.W.2d at pages 126–132.

1. 176 F.Supp. 916.

We hold that, on the facts alleged, the plaintiff's cause of action is not barred by the statute of frauds of Wisconsin.[2]

 2. Whether plaintiff on a trial of issues of fact raised by a responsive answer will be able to prevail, we do not know. Among the ultimate facts which he may have to prove by evidence is that the making of the alleged contract by Leiser was ratified. However, it is not a proper function of the court to decide that ultimate fact, or any other, on a motion to dismiss.

For the reasons which we have stated, the order of the district court is reversed and this case is remanded with directions to proceed further in a manner not inconsistent with our views.

Reversed and remanded with directions.

---

2. Whether we are required to consider the defense of the statute of frauds at this stage of the case, rather than under Fed.Rules Civ.Proc. 28 U.S.C.A. rule 8

(c), we do not decide, as plaintiff has waived the point by arguing the point on its merits.