MAREK, Appellant, v. KNAB COMPANY, INC., Respondent.

*April 7—May 3, 1960.*

For the appellant there was a brief and oral argument by *Walter G. Seher* of Milwaukee.

For the respondent there was a brief by *Grootemaat, Cook & Franke* of Milwaukee, and oral argument by *Robert E. Cook.*

BROADFOOT, J. Plaintiff testified upon the trial that he commenced working regularly for the defendant in June, 1950, as an estimator in its heating department at a fixed weekly salary and commissions of one tenth of one per cent on gross heating sales, and that the commissions could be drawn out every week, at other periods during the year, or at the end of the year. He testified that he chose to receive the commissions at the end of each year as a means of enabling him to save a portion of his earnings. He further testified that in the spring of 1952 he received an increase in his stipulated weekly salary and that his commissions were increased to two tenths of one per cent on gross heating sales. There were increases in his weekly salary in 1953 and 1954 but there was no change in the rate of commissions.

The plaintiff further testified that the contract of employment was for an indefinite period and could be terminated by either party at any time. The plaintiff further testified that he received commissions from the company on or about the end of each year in amounts varying from $350 in 1950 to $1,646 for 1954, the latter being a net amount after deduction of withholding tax. The defendant lost money in 1955 and discharged some employees, including the plaintiff, during December of that year.

The defendant, through its officers, denied there had ever been an agreement with the plaintiff for the payment of commissions. The officers explained that the payments made to the plaintiff at or near the end of each year prior to 1955 were bonuses; that each year the officers met and determined the amount of bonus to be paid and to what employees.

Thus the testimony was in sharp conflict and the jury had the right to believe either party. There was ample credible evidence to sustain the finding of the jury that there was an agreement to pay commissions.

The defendant relies upon the following statutory provision:

"241.02 AGREEMENTS, WHAT MUST BE WRITTEN. In the following case every agreement shall be void unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party charged therewith:
"(1) Every agreement that by its terms is not to be performed within one year from the making thereof."

This court has consistently held that contracts for hire for an indefinite term are valid contracts although not in writing, under this statutory provision. *Kirkpatrick v. Jackson,* 256 Wis. 208, 40 N. W. (2d) 372. In the case of *Kinzfogl v. Greiner,* 265 Wis. 105, 60 N. W. (2d) 741, we held that an employment contract between a manufacturer and a salesman which provided for increased commissions

after five years but which was terminable at will was a valid contract even though not in writing and was not void under the statute of frauds, sec. 241.02 (1).

The defendant then attempts to separate the agreement for commissions from the employment contract, and it was on this basis that the circuit court reversed the judgment of the trial court. The circuit court stated that the conversation in which it was agreed that commissions would be paid to the plaintiff took place in the spring of 1952. Since the commissions now claimed would have been earned in 1955, the court stated that it could not avoid the conclusion that the statute of frauds was a defense.

We cannot agree with the argument of the defendant nor with the conclusion of the circuit court that the agreement for commissions was a contract separate from the employment contract. The contract of employment was for an indefinite period and was terminable at will by either party. It was all one agreement. Payment for the services to be rendered by the employee is an essential part of an employment contract. The employee does not contract unilaterally to work for the employer and the employer does not contract unilaterally to pay the employee. The contract is a bilateral one. Although there was no change in the rate of commissions to be paid after 1952 while there were changes in the weekly rate of compensation, the agreement for commissions was a part of a valid contract of employment and it is supported by the fact that payments were made at the end of each year through 1954. In the case of *Beacon Federal Savings & Loan Asso. v. Panoramic Enterprises,* 8 Wis. (2d) 550, 556, 99 N. W. (2d) 696, we said:

"The majority rule is that, in order for a bilateral contract to violate the one-year provision of the statute of frauds, performance by both parties must extend beyond one year, and not merely performance by one party. Restatement,

1 Contracts, p. 262, sec. 198, and Anno. 6 A. L. R. (2d) 1053, 1111. Wisconsin is one of the states which follows such majority rule."

Since the plaintiff had fully performed the services under his contract, the defendant cannot successfully urge that its part of the agreement, *i.e.,* payment of the commission, is void as falling within the ban of the statute of frauds.

The defendant cites the case of *Horne v. Kenosha Lincoln-Mercury, Inc.,* 265 Wis. 496, 61 N. W. (2d) 893, and contends that an inference may be drawn from the language of that decision that under an employment contract for an indefinite period with a fixed salary and commissions, the commissions must be due within one year from the beginning of the term of employment. In that case it was found that the commissions were due within the one-year period and the decision goes no further. There is nothing in the decision that in any way changes the prior decisions of this court.

The defendant then states that if we find its position as to the application of the statute of frauds is incorrect, it is entitled to a new trial because of errors committed by the trial court. The defendant alleges that the trial court erred in failing to submit a question to the jury that would permit the jury to determine whether the commissions were to be paid annually or at more-frequent intervals. No request was made for the submission of such a question. We cannot see that a determination of that question would be of any importance except in connection with the application of the statute of frauds. There was no error in failure to submit such a question and the defendant is in no position now to raise this issue since it made no request for submission thereof.

The defendant offered in evidence a check dated January 4, 1954, payable to Wayne L. Marek in the sum of $2,143.09. The check contained the following symbol: "XMB–1." The

defendant attempted to prove that the symbol stood for Christmas bonus and was always used by the defendant to identify Christmas bonus checks. The receipt of the check and evidence was objected to. The trial court sustained the objection. Prejudicial error is claimed because of that ruling. It is immaterial what the defendant called the payment, whether commission or bonus, if it was paid as the result of a valid agreement. The defendant urges that the word "bonus" is only used in connection with a voluntary payment and not a payment pursuant to a legal obligation. We cannot agree that the word "bonus" can be so restricted in meaning, or that the rejection of the evidence was prejudicial error.

Plaintiff offered in evidence a typewritten memorandum, as follows:

"Wayne Marek

"Commission earned from the Knab Co. for the year 1950...................... $ 363.00

"Wages for year per your W–2a form given you .......................... 1,559.30

"Total earnings to be reported by you for your income-tax return as received from the Knab Co. are .................... $1,922.30"

The defendant objected, but the trial court permitted it to be received in evidence when plaintiff testified that it was attached by a paper clip either to his commission check or to his withholding-tax form. He testified that he received it from the office girl, whom he named, and testified that salary checks and commission checks, after being signed by the proper officer of the defendant, were customarily handed to the office girl for distribution. The objection was based on the fact that the memorandum was not signed, that it was not upon a letterhead of the defendant, and that it had not been properly authenticated or identified. Upon this

appeal it claims the receipt was highly prejudicial because the word "commission" appearing thereon was stressed in the argument to the jury. The defendant further argues that there was no compliance with secs. 327.24 and 327.25, Stats., dealing with the introduction of account books and entries made in the usual course of business. Those sections do not apply. This memorandum contained information customarily supplied to employees by employers to permit them to properly report wages, bonuses, and commissions for income-tax purposes. It was sufficiently identified as coming from the defendant, particularly when the name of the office girl was given. As a general rule any such written statement made by or attributable to a party to an action which amounts to an admission against interest is competent evidence in such action. This memorandum, supported as it was by the evidence of the plaintiff, constituted such an admission and its receipt was not prejudicial error.

*By the Court.*—Judgment reversed. Cause remanded with directions to reinstate the judgment of the civil court of Milwaukee county.