CORDOVA, Appellant, v. GUTIERREZ and another,
Respondents.

*April 1—April 28, 1964.*

600

For the appellant there was a brief and oral argument by *Harvey L. McCormick* of Milwaukee.

For the respondents there was a brief and oral argument by *Edward T. Berkanovic* of Milwaukee.

DIETERICH, J.   (1) *The first cause of action.* Appellant contends that the six-year limitation prescribed by sec. 330.19 (3), Stats.,[1] applies to the first cause of action. That section, taken in conjunction with sec. 330.14, provides a six-year limitation for an action on any contract, express or implied, except those mentioned in secs. 330.16 and 330.18 (actions upon certain types of sealed instruments). Appellant's argument is that the services rendered to the respondents were not "personal" within the meaning of the two-year statute (sec. 330.21 (5))[2] dealing with actions to recover compensation for "personal services," and in support thereof relies upon *Estate of Fredericksen* (1956), 273 Wis. 479, 78 N. W. (2d) 878.

---

[1] "WITHIN 6 YEARS: (3) An action upon any other contract, obligation or liability, express or implied, except those mentioned in sections 330.16 and 330.18."

[2] "WITHIN TWO YEARS: (5) Any action to recover unpaid salary, wages or other compensation for personal services, except fees for professional services."

The *Fredericksen Case* concerned a claim against an estate for board, lodging, care, and laundry furnished to the decedent in the claimant's home. The executor set up sec. 330.21 (5), Stats., as a bar to the action, and it was held that the two-year statute did not apply to the plaintiff's cause of action. Although the plaintiff's claim in the *Fredericksen Case* did embody an element of personal service, the furnishing of food and lodging was intertwined therewith, and it was for this reason that the two-year statute was held not applicable. See *Estate of Dobrecevich* (1962), 17 Wis. (2d) 1, 7, 8, 115 N. W. (2d) 597. Although the fact that the services in the *Fredericksen Case* were performed in the plaintiff's home serves to distinguish that case from the instant action, this does not mean that causes of action for personal services performed at the request of another outside of his home might not be subject to the limitation period of sec. 330.21 (5). *Estate of Dobrecevich, supra,* page 8.

Appellant seizes upon the language in the *Fredericksen Case* to the effect that "service" under sec. 330.21 (5), Stats., refers to the relationship of master and servant, and she proceeds from this point to a lengthy argument concerning the difference between an employee and an independent contractor. The gist of appellant's argument appears to be that the issue of whether or not the relationship of master and servant existed between herself and the respondents raises a substantial question of fact which should have been determined by a jury, and that therefore summary judgment was improper. However, the later case of *Estate of Bloomer* (1958), 2 Wis. (2d) 623, 630, 631, 87 N. W. (2d) 531, noted the existence of decisions wherein this court assumed that it was immaterial, insofar as the application of sec. 330.21 (5) is concerned, whether the relationship was that of employer and employee. See *Mead v. Ringling* (1954), 266 Wis. 523, 64 N. W. (2d) 222; *Estate of Schaefer* (1952), 261 Wis. 431, 53 N. W. (2d) 427. The opinion

in the *Bloomer Case* went on to state that claims of independent contractors for nonprofessional services, and claims for wages have in common the fact that they arise out of personal services rendered by the claimant.[3]

In any event, appellant's argument on the distinction between independent contractor and employee misses the point, for an independent contractor is, by definition, one who "contracts" to furnish materials or services. Black's Law Dictionary (4th ed.), p. 911.

The complaint alleged that plaintiff performed "certain work and services for the defendants" at their request, and that the defendants "promised and agreed to pay the plaintiff for said work and services." The first cause of action is clearly a claim to recover unpaid salary or other compensation for personal services, and since the action was not commenced until more than two years after she had last worked for respondents, her claim is barred by sec. 330.21 (5), Stats. *Estate of Barnhart* (1958), 4 Wis. (2d) 526, 531, 91 N. W. (2d) 97, *Estate of Rienow* (1962), 16 Wis. (2d) 403, 407, 408, 114 N. W. (2d) 840. There was no question of fact involved which would require trial, but only a question of law, which was properly resolved by the trial court in its decision granting summary judgment to the defendant as to the first cause of action.

(2) *The second cause of action.* Appellant's second cause of action is based upon an allegation that the respondents communicated "false, defamatory and slanderous information" to the effect that she was not a person of good moral character to the immigration service, and that they caused this information to be communicated to the service "through fraud, artifice and deceit" because for "wicked reasons" they

---

[3] Sec. 330.21 (5), Stats., was held not to bar the claimant's action in the *Bloomer Case* for the reason that the claim was for professional services, which is specifically exempted from the two-year limitation by the words of the statute.

wanted her deported to Mexico. Appellant contends that the second cause of action comes under the provisions of sec. 330.19 (5), Stats., which provides a six-year limitation for:

"An action to recover damages for an injury to property, real or personal, or for an injury to the character or rights of another, not arising on contract, except in case where a different period is expressly prescribed."

Appellant's argument here is that her second cause of action is in the nature of a claim for damages resulting from an "injurious falsehood" which involves injury to her "rights," and thus comes under the six-year limitation of sec. 330.19 (5).

*Resthaven Memorial Cemetery v. Volk* (1941), 286 Ky. 291, 150 S. W. (2d) 908, cited by appellant in support of her argument, is not in point, for although that case involved construction of two Kentucky statutes of limitation—one involving "injury to the person," and one involving injury to "rights"—the action was for damages for mental pain and anguish suffered by the plaintiff upon learning of the disinterment and reinterment of the body of his deceased wife by the defendant cemetery association. *Al Raschid v. News Syndicate Co.* (1934), 265 N. Y. 1, 191 N. E. 713, is also cited by appellant in support of her argument that the cause of action was for "injurious falsehood" and not subject to the two-year limitations of sec. 330.21 (2), Stats. However, the *Raschid Case* cannot be authority for the proposition that such an action is an action for "injurious falsehood," because the extent of the New York court's holding was only that the complaint was insufficient for failure to contain a concise statement of the material facts.

The appellant also argues that respondents, by giving false or fraudulent information to a governmental agency, violated a federal statute. We note, however, that the statute cited by appellant (18 U. S. Code, sec. 80) was repealed in 1948 and

re-created in abbreviated form as 18 U. S. Code, p. 3271, sec. 1001 (1958 ed.), which provides a penalty for giving false information to a government agency. The appellant's argument erroneously assumes that respondents admitted the truth of her allegations supporting the second cause of action, when in fact the record reveals that they denied these allegations. Appellant also forgets that hers is a civil action commenced in a state court, rather than a federal prosecution instituted against the respondents for "defrauding" the immigration service.

We determine that the second cause of action in appellant's complaint sets forth a claim for defamation, and was thus barred by the two-year limitations of sec. 330.21 (2), Stats.

It therefore follows that the summary judgment of the trial court dismissing the three separately stated causes of action is affirmed.

*By the Court.*—Judgment affirmed.