Henry P. HALSELL, Plaintiff,

v.

KIMBERLY–CLARK CORPORATION, Defendant.

No. LR–76–C–208.

United States District Court, E. D. Arkansas, W. D.

July 24, 1981.

Bill R. Holloway, Lake Village, Ark., for plaintiff.

James M. McHaney, Little Rock, Ark., for defendant.

## MEMORANDUM OPINION

WOODS, District Judge.

On April 28, 1976 plaintiff filed suit against defendant for damages resulting from an alleged wrongful discharge of plaintiff from his employment with the defendant. Plaintiff later filed a series of amended complaints adding a claim for age discrimination. Plaintiff presented no proof on the latter claim, and it was not submitted to the jury. After a three-day jury trial, the Court would have directed a verdict on behalf of the defendant. However, decision was reserved on motions for directed verdict, and the breach of contract issue was submitted to the jury in accordance with the suggestions of the Court of Appeals for this Circuit. See *Hoppe v. Midwest Conveyor Co.*, 485 F.2d 1196, 1198 n. 1 (8th Cir. 1973) and *Parker v. Seaboard Coastline R.R.*, 573 F.2d 1004, 1006, n. 3 (8th Cir. 1978).

Three interrogatories were propounded, and the answers of the jury were as follows:

*INTERROGATORY NO. 1*: Do you find from a preponderance of the evidence that Kimberly-Clark Corporation breached an employment contract it had with Henry Halsell?

ANSWER: Yes

*INTERROGATORY NO. 2*: Answer this interrogatory only if you answered "yes" to Interrogatory No. 1.

Do you find from a preponderance of the evidence that the employment contract between Kimberly-Clark Corporation and Henry Halsell was an oral contract for personal services which was not to be performed within one year?

ANSWER: Yes

*INTERROGATORY NO. 3*: Answer this interrogatory only if you answered "yes" to Interrogatory No. 1.

State the amount of any damages which you find from a preponderance of the evidence were sustained by Henry Halsell as a result of Kimberly-Clark Corporation's breach of contract.

ANSWER: $250,000.00

Notwithstanding these answers, judgment n.o.v. will now be entered for the defendant pursuant to its post-trial motion. Although the plaintiff contends that he had a contract with defendant for "permanent" employment to 65 years of age, there is an absence of evidence to support such a claim. In fact in plaintiff's own notes, made shortly after his termination, and verified by him on the witness stand, he wrote as follows: "I had bargained for higher pay, for pension rights and for an employment contract but without any success." The plaintiff was hired over the telephone to serve as project manager for a $50,000,000 paper mill expansion which defendant was constructing at Ozibaza, Mexico for its Mexican subsidiary, Kimberly-Clark de Mexico. Much of the evidence in the case was directed to the issue of whether defendant terminated plaintiff for good cause. The Court finds that the evidence preponderated in defendant's favor on this issue but was probably sufficient to send it to the jury.

However, defendant is entitled to judgment notwithstanding the answer to Interrogatory No. 1 because the contract of employment was not for a specified time, under the undisputed evidence in this case. It was, therefore, terminable at the will of either party. In this regard the law of Arkansas and of Wisconsin (where the plaintiff was hired) is the same. Wisconsin law was reviewed by the Seventh Circuit in *Hanson v. B. & O. R. R. Co.*, 282 F.2d 758 (7th Cir. 1960):

Plaintiff alleges no consideration for his employment as a fireman other than the stipulated wage for his services as rendered. In such circumstances, where there is nothing to fix the duration of a contract, a contract for "permanent" employment is in effect a contract of general employment terminable at will . . . . In Wisconsin, an employment relation, in the absence of contractual limitation, continues at the will of either party. *Saylor v. Marshall & Illsley Bank*, 1937, 224 Wis. 511, 515, 272 N.W. 369; *Brown v. Oenida Knitting Mills*, 1938, 226 Wis. 662, 669, 277 N.W. 653. At 759–60.

This principle remains in effect in Wisconsin. *Ward v. Frito-Lay, Inc.*, 95 Wis.2d 372, 290 N.W.2d 536 (1980); *Goff v. Mass. Protective Ass'n*, 46 Wis.2d 712, 176 N.W.2d 575 (1970); *Forrer v. Sears, Roebuck & Co.*, 36 Wis.2d 388, 153 N.W.2d 587 (1967).

Arkansas law was reviewed by the Eighth Circuit in *Tinnon v. Missouri Pacific R.R. Co.*, 282 F.2d 773 (8th Cir. 1960) in an opinion written by Justice Blackmun:

Arkansas law seems to be precise and definite. The Supreme Court of that state in a wrongful discharge case decided in 1897 held, one judge dissenting, that because the contract of employment contained no agreement by the employee to serve any specific length of time, there was no breach of contract in discharging him . . . . *St. Louis I.M.& S.Ry. Co. v. Mathews*, 64 Ark. 398, 42 S.W. 902, 903, 39 L.R.A. 467. In 1943, 46 years later, and again by a divided court, this holding was reaffirmed in another railroad discharge case, the court stating that this was "in harmony with the rule of mutuality of obligation." *Petty v. Missouri & Arkansas Ry. Co.*, 205 Ark. 990, 167 S.W.2d 895, 897, *certiorari denied* 320 U.S. 738, 64 S.Ct. 37, 88 L.Ed. 457. At 776.

This principle was recently reaffirmed in *M. B. M. Co., Inc. v. Counce*, 268 Ark. 269, 596 S.W.2d 681, 684 (1980) when Chief Justice Fogleman wrote that "where no definite term of employment is specified in the contract of employment, and in the absence of other circumstances controlling the duration of employment, the contract is terminable at the will of either party." See also *Miller v. Missouri Pac. Transportation Co.*, 225 Ark. 475, 283 S.W.2d 158 (1955), from which Judge Fogleman derived the above rule.

Based on the jury's answer to Interrogatory No. 2, which was supported by substantial evidence and conformed to plaintiff's own contentions, the defendant would also be entitled under Arkansas law to judgment notwithstanding its answer to the interrogatory. It is undisputed that the contract of employment was an oral contract. In fact, plaintiff's counsel frankly admitted this fact in his opening statement to the jury. Ark.Stat.Ann. § 38–101 provides in part:

No action shall be brought . . . to charge any person upon any contract, promise, or agreement, that is not to be performed within one [1] year from the making thereof.

The Statute of Frauds applies to employment contracts. *Swafford Ice Cream v. Sealtest*, 252 Ark. 1181, 483 S.W.2d 202 (1972). "A parol contract for personal services for a longer period than one year is within the Statute of Frauds, and no action can be maintained on it; and if the employee enter upon its performance and is afterwards discharged, the employer is liable only for his wages for the time he served." *Id.* at 1187, 483 S.W.2d 202.

However, although the point was not raised by either party, the application of the statute of frauds may well be determined by Wisconsin law since the contract was made in that state. The preeminent conflict of laws scholar Robert A. Leflar points out that "the modern cases deal with it as substantive, though a number of the older cases treated some sections of the statute as procedural." Leflar, American Conflicts Law, § 125, p. 248 (3d Ed. 1977). The Arkansas statute quoted above contains wording similar to section four of the original English statute while the applicable Wisconsin section is more akin to original section seventeen, reading as follows:

*Agreements, what must be written.* In the following case every agreement shall be void unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party charged therewith: (1) Every agreement that by its terms is not to be performed within one year of the making thereof. Wis.Ann.Stats. § 241.02, ch. 241.

Dean Leflar points out that the variation in wording between section four and section seventeen of the original English statute has resulted in much of the confusion in the cases:

> The English courts referred to the wording of the particular section of the statute involved and, if it was worded in terms of remedy, they held it to be procedural, so that the law of the forum governed. Under the wording of section four of the original English statute, "No action shall be brought . . . ," this result was reached, whereas the original section 17 which read[s], "No contract . . . shall be good unless . . . (in writing)," was deemed substantive because it was worded substantively. It is, however, difficult to believe that the variant wording of these sections was other than accidental; there is no evidence that the framers of the legislation had in mind the applicability of the statute to some domestic contracts and its nonapplicability to others. Modern authority rejects the technical distinction based on wording and looks to see the real effect of the statute in operation. The statute, like the parol evidence rule, really determines what is the enforceable contract, which is another way of saying that it determines whether a substantive right exists. Leflar, American Conflicts Law, § 125, 248–49 (3d Ed. 1977).

■ If we accept Dean Leflar's very logical approach and apply Wisconsin law, the result in this case is not changed, but the Statute of Frauds will not be applied to the contract. The Wisconsin cases do not apply the statute of frauds to an indeterminable employment contract for the very reason that the contract is terminable at will.

In the Wisconsin case of *Kinzfogl v. Greiner*, 265 Wis. 105, 60 N.W.2d 741 (1953), the rule was concisely stated:

> There are allegations in the record that the only time the term of employment was discussed was at the time of the original hiring, and that plaintiff's employment was for an indefinite period. *Such a contract, because terminable at will, is a valid contract even though it is not in writing. Kirkpatrick v. Jackson*, 256 Wis. 208, 40 N.W.2d 372. (Emphasis added)

In the cited case the court said: "The contract as claimed by Kirkpatrick is a valid contract. A contract for hire for an indefinite term is a valid contract although not in writing." *Kirkpatrick v. Jackson*, 256 Wis. 208, 40 N.W.2d 372, 374 (1949). According to the Wisconsin cases, the possibility exists that either party may terminate the contract within the one-year period, which is clearly permissible. An analogy is drawn to the possibility that one of the parties to the contract might die within the period of one year from the inception of the contract. See *Dow v. Shoe Corporation of America*, 276 F.2d 165 (6th Cir. 1960), an Illinois case in which Wisconsin substantive law was applied and interpreted. See also *Nelson v. Farmers Mutual Auto Ins. Co.*, 4 Wis.2d 36, 90 N.W.2d 123 (1958) cited in the Sixth Circuit opinion.

Since we hold that Wisconsin law should be applied with respect to the Statute of Frauds, it is unnecessary to decide whether certain memoranda took the agreement out of the Statute of Frauds, as contended by the plaintiff.

■ The jury's answer to Interrogatory No. 3 is grossly excessive. By no stretch of the imagination did plaintiff sustain $250,-000 in damages. He was terminated on November 15, 1975 and paid until January 1, 1976. In April he went to work for another concern by whom he is still employed. The evidence indicates that plaintiff has probably earned more with his present employer since April, 1976 than he would have earned with the defendant. At

most his damages amounted to four months' loss of wages or about $10,000.

Pursuant to Rule 50(c) Fed.R.Civ.P., if the judgment n.o.v. is vacated or reversed, then the defendant is entitled to a new trial because the jury's answer to Interrogatory No. 1 is against a clear preponderance of the evidence and because the damages assessed by the jury were grossly excessive.